No

o. 98-183

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 141

295 Mont. 1

982 P.2d 1035

THE STATE OF MONTANA,

Plaintiff and Respondent,

v.

ROGER EDWARD CASTLE,

Defendant and Appellant

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Assistant Appellate Defender, Appellate Defender Office;

Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Pat Jordan,

Assistant Attorney General; Helena, Montana

Mike McGrath, Lewis and Clark County Attorney; Helena, Montana

Submitted on Briefs: March 25, 1999

Decided: June 15, 1999

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

**¶1. Roger Edward Castle was convicted of criminal endangerment in a two-day jury trial before the First Judicial District Court, Lewis and Clark County. He appeals. We affirm.**

**¶2. The sole issue on appeal is whether the District Court abused its discretion when it admitted evidence of battered woman syndrome.**

**¶3. On August 9, 1997, Helena, Montana Police Department officers were dispatched to a basement apartment on Breckenridge Street to investigate a reported accidental shooting. Upon arrival, the officers found Kim Castle sitting on a sofa in the living room. She was holding her face and there was a large amount of blood on her face, neck, and chest. Roger Castle, her husband, was standing near her, talking to the 911 dispatcher on the telephone. The officers found a .45 caliber semi-automatic pistol on the floor near the sofa where Kim was sitting. The weapon contained five live rounds of ammunition: four in the magazine and one in the chamber.**

**¶4. Roger told the officers that he was cleaning the weapon when it accidentally discharged. The officers noticed that Roger appeared very slow in his reactions; stunned as well as shocked. When asked if he had been drinking, Roger, a self-described chronic alcoholic, admitted to having consumed alcohol and consented to a blood test. The results indicated his blood alcohol concentration was .18.**

**¶5. Kim was transported to a hospital for treatment of wounds caused by a bullet which entered through her left cheek and exited through her right cheek. Because of**

the nature of her injuries and the need to get her to a hospital, she was not questioned by police officers at the scene. On the way to the hospital, she told an ambulance attendant that Roger accidentally shot her while cleaning his gun.

¶6. In subsequent police interviews, however, Kim changed her story. She seemed afraid of Roger and stated that he had pointed guns at her head in the past. Based upon her statements and upon the investigation of this event, Roger was charged with criminal endangerment.

¶7. At trial, Kim testified that earlier in the morning of the day she was shot, Roger had been cleaning the gun. Kim had unloaded the bullets from it because she was worried about what Roger might do, given that he had been drinking since the night before. She testified that he must then have put the bullets back into the gun, because while she was sitting on the couch reading, he simply put his arm out toward her head, pulled the trigger, and shot her.

¶8. On cross-examination by the defense, the ambulance attendant testified that on the way to the hospital Kim had stated that she was shot while Roger was cleaning his gun. Kim testified that she could not remember this statement to the ambulance attendant.

¶9. On rebuttal, the State presented the testimony of a clinical social worker experienced with battered woman syndrome. This expert testified that it is common for a victim of abuse to change her willingness to report the abuse, or to recant her story, during the course of the cycles of violence. It is the admission of this expert testimony upon which Roger bases his appeal.

## DISCUSSION

¶10. Did the District Court abuse its discretion when it admitted evidence of battered woman syndrome?

¶11. This Court's standard of review of a question on the admissibility of evidence is whether the district court abused its discretion. *State v. Stringer* (1995), 271 Mont. 367, 374, 897 P.2d 1063, 1067. Here, the State raises the preliminary argument that Roger did not adequately preserve for appeal the issue of whether a proper foundation was laid for the admission of battered woman syndrome testimony. An

objection must state the specific ground for objection unless the specific ground is apparent from the context. *See* Rule 103(a)(1), M.R.Evid.; *State v. Greytak* (1993), 262 Mont. 401, 404, 865 P.2d 1096, 1098. Failure to make a sufficiently specific objection constitutes a waiver of the right to claim error on appeal; the effect of waiver is that the evidence is treated the same as any other admissible evidence. *Kizer v. Semitool, Inc.* (1991), 251 Mont. 199, 207, 824 P.2d 229, 234.

¶12. The testimony here in question is that of clinical social worker Chris Reilly, who testified for the prosecution as a rebuttal witness. After she was qualified as an expert, Reilly began to testify about the characteristics of battered woman syndrome victims. She did not offer an opinion as to whether Kim exhibited characteristics consistent with the syndrome.

¶13. The objection to Reilly's testimony followed the State's question as to whether a victim of domestic abuse might commonly change her story, during the course of an abuse cycle, about whether abuse has occurred. The defense's objection was: "I'll object to this line of questioning. He's calling for pure speculation on the part of the witness." The District Court's ruling was, "I think he's laid a foundation. This is part of her business. So on that basis that will be overruled. Go ahead."

¶14. The State asserts that the defense's objection did not preserve for appeal the issue of whether an adequate foundation had been laid for the admission of testimony concerning battered woman syndrome in this case. We agree with the State.

¶15. Reilly did not testify that Kim exhibited characteristics consistent with battered woman syndrome, and the only objection made by defense counsel was directed to the general nature of the syndrome as described by Reilly. The defense's "speculation" objection was not specific enough to properly preserve for appeal the issue of whether Kim exhibited characteristics consistent with battered woman syndrome. Nor was the specific ground for objection apparent from the context of the objection, as is evidenced by the District Court's inference that the objection related to Reilly's expert qualifications. The court's ruling did not go to the issue of whether there was adequate evidence that Kim exhibited characteristics consistent with the syndrome.

¶16. The issue raised on appeal, then, was never properly framed before the District Court, and the court did not have the opportunity to address the question of whether

Kim met the pattern of battered woman syndrome. Had the defense objected that the expert testimony should not have been allowed because there was insufficient proof that Kim exhibited characteristics consistent with battered woman syndrome, the issue now raised on appeal would have been preserved. In that instance, however, the State arguably could have recalled Kim and supplemented her testimony on rebuttal. This never occurred because the precise objection was not made.

¶17. Because the defense thus waived the right to claim the error now raised on appeal, we decline to further address the issue of whether the expert testimony should have been admitted into evidence. We affirm the judgment of the District Court.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART