No. 99-672

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 386N

IN RE THE MARRIAGE OF

ANDREW LYNN POLSON,

Petitioner/Respondent,

and

MARCIA ANN POLSON,

Respondent/Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Lon J. Dale, Milodragovich, Dale, Steinbrenner & Binney, Missoula, Montana; Paulette Ferguson, Missoula, Montana

For Respondent:

Christopher A. Widenhofer, Raymond P. Tipp, Tipp & Buley, Missoula, Montana

Submitted on Briefs: August 24, 2000
Decided: December 28, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 On August 21, 1999, the Fourth Judicial District Court, Missoula County, entered its findings of fact, conclusions of law, and decree of dissolution in regards to the marriage of Andrew Lynn Polson (Andrew) and Marcia Ann Polson (Marcia). Marcia appeals from this decision and Andrew cross appeals. We affirm.

¶3 The issues on appeal can be restated as follows:

> 1. Did the District Court correctly find that the parties did not own any real property?
>
> 2. Did the District Court correctly exclude Marcia's various exhibits?
>
> 3. Did the District Court correctly distribute the marital estate?
>
> 4. Did the District Court correctly award Marcia the items of personal property that Andrew failed to disclose?

## FACTUAL BACKGROUND

¶4 On April 1, 1998, Andrew petitioned for a dissolution of his marriage to Marcia. Andrew and Marcia were married on May 9, 1975, in Coeur d'Alene, Idaho. Both admit that their marriage is irretrievably broken. Andrew is now 62 years old and in good health. Marcia is 56 years old and in good health. No children have been born of this marriage.

¶5 Both parties are employed. Andrew is self-employed as an excavator and carpenter. In 1998, he earned a taxable income of $15,000, but he would like to retire. His social security will be approximately $650 per month. Andrew's vocational skills and employability indicate that he is capable of earning similar income in the future. He has no monthly expenses. Andrew has a limited opportunity to acquire future assets. Marcia is employed as a clerk at a law firm in Missoula. In 1998, she earned $19,633. Marcia's vocational skills and work history indicate that she is capable of earning similar income in the future. Her monthly expenses total $877.67. Marcia's opportunity to acquire assets in the future is moderate.

¶6 The parties only debt is owed upon construction equipment. The District Court distributed this equipment and its debt to Andrew. He is solely responsible for this debt. Marcia is only responsible for debt incurred in her own name.

¶7 The District Court found that the parties did not own any real property. However, Andrew did own a home at one time. He transferred it to his sister, Jean Dumont, in 1986, in exchange for debts he owed her. Marcia alleges that he transferred this home to deprive her of her interest in it. The parties continued to live in the house after the transfer. They had entered into a rental agreement with and paid rent to Andrew's sister.

¶8 In 1998, Andrew's sister filed a complaint in Justice Court to evict Marcia from the property. Marcia settled the eviction case by signing a mutual release. In doing so, she released all claims that she may have against Andrew's sister, including claims relating to any alleged fraudulent transfer of the house. Marcia agreed not to challenge Andrew's sister's title to the house.

¶9 The District Court found that Andrew did not disclose several items of personal property in his preliminary disclosure or at trial. The items where awarded to Marcia pursuant to § 40-4-253, MCA.

## DISCUSSION

¶10 Marcia makes six arguments that the District Court erred. First, Marcia argues that the District Court erred in not entering any findings or conclusions concerning the alleged constructive trust of the house the parties lived in. Second, Marcia argues the District Court erred in refusing to accept "Respondent's Exhibit B," a financial statement, into evidence. Third, Marcia argues the District Court erred in failing to enter any findings or

conclusions concerning a constructive trust of real property in Granite County. Fourth, Marcia argues the District Court erred in not allowing "Respondent's Exhibit J," a correspondence, into evidence. Fifth, Marcia argues the District Court erred in not allowing "Respondent's Exhibit K," concerning a water rights claim, into evidence. Sixth, Marcia argues the District Court erred in its division of the marital estate.

¶11 Andrew both refutes Marcia's arguments and asserts a cross-appeal. Andrew argues that the District Court correctly excluded the house the parties lived in from the marital estate. He points out that Marcia signed a release to any claim she might have in this property. Andrew argues that the District Court properly excluded Marcia's Exhibits B, J, and K at trial. He argues that Marcia has alleged no facts, nor made any assertions that show an abuse of discretion by the District Court. However, Andrew fails to address Marcia's arguments that the Granite County property, belonging to his son, and Lot 6 of the Kuney Addition, belonging to his sister, should be considered as part of the marital estate. He also fails to argue that the District Court's division of the marital estate was correct.

¶12 In his cross-appeal, Andrew argues the District Court erred in awarding Marcia personal property that he failed to disclose. He asserts that he failed to disclose the items of personal property because they do not belong to him. Andrew claims this property belongs to his son.

¶13 It is well settled that a district court's decision is presumed to be correct. Matter of M.J. W., 1998 MT 142, ¶ 18, 289 Mont. 232, ¶ 18, 961 P.2d 105, ¶ 18. The appealing party shoulders the burden of establishing that the District Court erred. We hold that both parties have failed to carry this burden.

## ISSUE 1

¶14 **Did the District Court correctly find that the parties did not own any real property?**

¶15 In matters relating to the division of marital property, we review a district court's findings of fact to determine whether they are clearly erroneous. Kovarik v. Kovarik, 1998 MT 33, ¶ 20, 287 Mont. 350, ¶ 20, 954 P.2d 1147, ¶ 20. We utilize a three-step analysis in determining if a district court's findings of fact are clearly erroneous. First we determine whether the findings are supported by substantial evidence. *Kovarik*, ¶ 20. If the findings

are supported by substantial evidence, we next determine whether the district court has misapprehended the evidence. *Kovarik,* ¶ 20. If both of these prongs are satisfied, we may still determine that a finding is clearly erroneous if, after a review of the record, we have a definite and firm conviction that a mistake has been committed. *Kovarik*, ¶ 20.

¶16 Marcia argues that three parcels of real property should be subject to a constructive trust and are part of the marital estate. She claims that the house the parties rented from Andrew's sister, property located in Granite County purchased in 1994 by Andrew for his son, and a parcel of real property transferred from Andrew to his sister prior to his marriage to Marcia are all part of the marital estate. Marcia bases her argument on her allegation that Andrew has a history of putting property into other peoples' names to deprive others of their interest.

¶17 She points out that the house they rented was once owned by her and Andrew. That Andrew sold it to his sister shortly after being released from jail. Marcia alleges that he sold the house for less than market value and has claimed ownership of the house on credit applications. She argues that Andrew conveyed the house for the sole purpose of depleting the marital estate to protect his interest in the event of a dissolution.

¶18 Marcia, however, signed a release agreement with Andrew's sister. This agreement released any claim Marcia might have in the house. Further, her argument amounts to little more than allegations that Andrew acts like he owns the property belonging to his son and sister. The District Court was in a better position to weigh the evidence. When evidence is subject to varying interpretations, it is within the providence of the fact finder to decide which interpretation to believe. The District Court's decision to not include this property is supported by substantial evidence and is not clearly erroneous.

¶19 Marcia has failed to establish that the District Court's finding of fact No. 14, that the parties have no really property, is clearly erroneous. The District Court is affirmed on this issue.

## ISSUE 2

¶20 **Did the District Court correctly exclude Marcia's various exhibits?**

¶21 We review a district court's decision on the admissibility of evidence for an abuse of discretion. State v. Castle, 1999 MT 141, ¶ 11, 295 Mont. 1, ¶ 11, 982 P.2d 1035, ¶ 11.

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the thing in question is what the proponent claims. Rule 901, M.R.Evid.

¶22 The District Court ruled that Marcia failed to lay adequate foundation for the admittance of her proposed Exhibit B, a financial statement. Marcia attempted to introduce this proposed exhibit through Andrew's testimony at trial. However, Andrew was not sure if the signature on Exhibit B was his. Further, when Marcia's counsel inquired whether Andrew provided the information contained in proposed Exhibit B to the bank, he replied "I'm not sure that I told the bank anything." In order to use a witness to authenticate a proposed illustration, the witness must testify that the illustration is what it is claimed to be. Rule 901(b)(1), M.R.Evid. We agree that Marcia failed to provided an adequate foundation.

¶23 The District Court also refused to accept Marcia's proposed Exhibit J and Exhibit K into evidence. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Rule 401, M.R.Evid. Irrelevant evidence is inadmissible. Rule 402, M.R.Evid. These two proposed exhibits appear to be offered to show that Andrew acted like he owned property belonging to his sister and son. In light of the record, this evidence was irrelevant.

¶24 Marcia has failed to establish that the District Court abused its discretion. The District Court is affirmed on this issue.

## ISSUE 3

¶25 **Did the District Court correctly distribute the marital estate?**

¶26 The marital estate is to be equitably not equally apportioned. Section 40-4-202, MCA. In matters relating to the division of marital property, we review a district court's findings of fact to determine whether they are clearly erroneous. *Kovarik*, ¶ 20. We utilize a three-step analysis in determining if a district court's findings of fact are clearly erroneous. First we determine whether the findings are supported by substantial evidence. *Kovarik*, ¶ 20. If the findings are supported by substantial evidence, we next determine whether the district court has misapprehended the evidence. *Kovarik,* ¶ 20. If both of these prongs are satisfied, we may still determine that a finding is clearly erroneous if, after a review of the

record, we have a definite and firm conviction that a mistake has been committed. *Kovarik*, ¶ 20.

¶27 Marcia argues that the District Court's division of the marital estate is in err because the District Court failed to adequately consider her nonmonetary contributions as a homemaker and Andrew's disposal of marital assets. A review of the record established that the findings are supported by substantial evidence. This evidence was not misapprehended and we do not have a definite and firm conviction that a mistake has been committed.

¶28 Marcia fails to establish the District Court erred in the division of the marital estate. The District Court is affirmed on this issue.

## ISSUE 4

**¶29 Did the District Court correctly award Marcia the items of personal property that Andrew failed to disclose?**

¶30 We review a district court's conclusion of law to determine if it is correct. In re Marriage of Pfeifer, 1998 MT 228, ¶ 9, 291 Mont. 23, ¶ 9, 965 P.2d 895, ¶ 9. Failure of a party to disclose assets in the final declaration of disclosure is presumed to be grounds for a district court to award the undisclosed assets to the opposing party without consideration to the equitable distribution of the marital estate. Section 40-4-253, MCA.

¶31 Marcia informed the District Court of assets Andrew failed to disclose. After hearing arguments, the District Court awarded the undisclosed assets to Marcia. Andrew's mere assertion that this property belongs to his son is unpersuasive. Andrew fails to meet his burden of establishing the District Court erred. The District Court's determination under this issue was correct.

¶32 The District Court is affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:Justice James C. Nelson dissents and concurs.

¶33 I dissent from our decision as to Issues 1 and 3 and concur as to our decision on Issues 2 and 4.

¶34 Despite the fact that Marcia signed a release in favor of Andrew's sister, the record contains substantial evidence which supports the conclusion that Andrew conveyed the marital house to his sister in order to deplete the marital estate and in contemplation of the divorce. While Andrew's sister may well be entitled to possession of the house, there is no legal rationale cited by the majority which would have precluded the trial court from including the value of the house in the marital estate. The failure of the court to even address this matter and Marcia's arguments for imposition of a constructive trust is, in my view, error.

¶35 I reach the same conclusion with respect to the Granite County property. It is not apparent whether this property should be included or excluded from the marital estate because the court failed to make any findings of fact and conclusions of law with regard to this property.

¶36 I would reverse and remand for reconsideration and entry of findings of fact and conclusions of law on these two matters. Accordingly, I dissent as to Issues 1 and 3. I concur as to Issues 2 and 4.

/S/ JAMES C. NELSON

W. William Leaphart joins in the forgoing concurrence and dissent.

/S/ W. WILLIAM LEAPHART

Justice Karla M. Gray dissents and concurs.

¶37 I concur in the Court's opinion on all matters except the portion of Issue 1 which relates to the inclusion of the marital house in the marital estate. In that regard, I join Justice Nelson's dissent.

/S/ KARLA M. GRAY