No. 04-706

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 185

RIANT POLSON, AUDRA MADISON and
PAULA SMITH, Personal Representatives of the
Estate of ANDREW LYNN POLSON,

        Petitioners and Respondents,

    v.

MARCIA ANN POLSON,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and for the County of Missoula, Cause No. DR 98-86335,
                The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Lon J. Dale and W. Adam Duerk, Milodragovich Dale Steinbrenner &
                Binney, P.C., Missoula, Montana

        For Respondents:

                Philip J. O'Connell, Attorney at Law, Missoula, Montana

                Submitted on Briefs:  June 21, 2005

                            Decided:  July 26, 2005

Filed:

_____
                     Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Appellant Marcia Ann Polson (Marcia) appeals from an order entered by the Fourth Judicial District Court, Missoula County, denying her request for discovery relating to a motion to set aside the judgment of her decree of dissolution from her husband Andrew Lynn Polson (Lynn), pursuant to § 40-4-253(5), MCA. Marcia bases her claim upon financial statements contradicting Lynn's declaration that he had no interest in real property at the time of the parties' dissolution. We affirm.

¶2     We must determine whether the District Court properly denied Marcia's request to set aside the judgment and re-open discovery after finding that Lynn had not committed perjury in the final declaration of assets filed before the dissolution.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3     The dissolution of Marcia's marriage provides the underlying facts upon which she bases this appeal. Our decision in *In re Marriage of Polson*, 2000 MT 386N, 303 Mont. 540, 18 P.3d 1033, sets forth the details of the dissolution proceedings and subsequent appeals.

¶4     To summarize, Marcia and Lynn married in 1975 and divorced in 1999. Both parties provided sworn testimony on July 16, 1999, regarding the dissolution of marriage and their marital estate during the course of a bench trial. Marcia attempted to introduce into evidence at trial a financial statement purportedly containing Lynn's signature that implicated his ownership in three parcels of real property. The court ruled that Marcia had failed to lay adequate foundation for the admittance of the financial statement and found that the parties

2

did not own any interest in real property based on representations made to the court by Lynn at trial and in disclosures provided. Marcia appealed the court's division of marital property on the grounds that the court failed to admit into evidence the financial statement and include the three parcels of real property in the marital estate. We affirmed the court's exclusion of the financial statement and its division of marital property. *Polson*, ¶ 24.

¶5      Marcia filed a separate action against Lynn after the dissolution and appeal on September 6, 2000. Marcia took a records deposition of First Security Bank on September 20, 2001, during which the bank produced financial statements that Lynn had submitted to it for the years 1994, 1996, and 1997 in which he listed an ownership interest in three separate parcels of property in Montana. Lynn's counsel objected to the production of the financial statements at the deposition on the grounds that the District Court had issued an order limiting the deposition to issues regarding an Arizona corporation in which Lynn may have controlled an ownership interest.

¶6      Marcia moved the District Court on June 29, 2004, to set aside its original findings of fact and conclusions of law and order pursuant to § 40-4-253(5), MCA. This statute allows a trial court to set aside a judgment if the court discovers within five years after the date of entry that a party has committed perjury in the final declaration of disclosure. Marcia based her motion to re-open the dissolution decree upon the newly discovered financial statements and their implication that Lynn had intentionally failed to disclose his interest in these real properties to the court during the course of the dissolution proceeding. Marcia has never offered testimony regarding the authenticity or execution of the documents and the

3

District Court has never ruled on their admissibility. Lynn died in 2003 and his children, as personal representatives, continued in the litigation and objected to the motion.

¶7 The District Court held a hearing and found that Marcia had failed to present evidence of any fraud or perjury committed by Lynn in the course of the dissolution proceeding. The court noted that the financial statements may have contained false statements made by Lynn to the bank, but that these false statements did not necessarily constitute perjury to the court. The court thus concluded that Marcia had failed to present adequate evidence of fraud that would justify re-opening the decree.

## STANDARD OF REVIEW

¶8 At the outset, we note that Marcia argues that the interpretation of § 40-4-253(5), MCA, represents a question of law which we should review *de novo*. *Carbon County v. Union Reserve Coal Co., Inc.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686. The District Court found as a matter of fact, however, that Marcia had failed to present adequate evidence that might provide a factual basis for it to discover Lynn's alleged perjury in his final declaration of disclosure. We review a district court's findings of fact for clear error. *In re Marriage of Collins*, 2004 MT 365, ¶ 16, 324 Mont. 500, ¶ 16, 104 P.3d 1059, ¶ 16.

## DISCUSSION

¶9 Marcia argues that § 40-4-253(5), MCA, fails to provide any procedural mechanism for a district court or a party to determine independently whether perjury occurred or what remedies the aggrieved party may be awarded. She contends that although no explicit procedures exist to uncover the basis of a perjury claim, as a matter of equity, she remains

4

entitled to engage in further discovery regarding Lynn's alleged fraudulent activity. Marcia maintains that following further discovery the court should hold a hearing and determine the proper remedy. We disagree.

¶10 We conclude that the District Court correctly determined that Marcia had failed to present adequate evidence that Lynn committed perjury in his final declaration of assets filed prior to the dissolution. Under § 40-4-253(5), MCA, a court may set aside the judgment or part of the judgment if it discovers within five years from the date of entry of judgment that a party has committed perjury in the final declaration of disclosure. Marcia failed to present to the court any documentary or testimonial evidence proving that Lynn owned real property that he intentionally excluded in the final declaration of disclosure. Marcia's motion to re-open the 1999 decree of dissolution remains based solely on financial statements whose authorship and execution she has never proven and the court has never admitted into evidence. Moreover, Marcia had ample opportunity to depose Lynn while he remained alive about the authenticity of the financial statements and his alleged ownership of the real property identified in those financial statements. A personal financial statement to a bank does not establish an ownership interest in real property. *First Sec. Bank of Bozeman v. Tholkes* (1976), 169 Mont. 422, 427, 547 P.2d 1328, 1330 (a financing statement cannot claim an interest in real property). The financial statements offered here merely recite the same information presented to and rejected by the District Court in the original dissolution action and disregarded by this Court on appeal.

¶11 Therefore, substantial credible evidence supports the District Court's findings that

Marcia did not establish any admissible facts upon which the court might discover that Lynn committed perjury in court.  We cannot deem the court's findings clearly erroneous under these circumstances.  Accordingly, we affirm the District Court's denial of Marcia's motion to set aside judgment.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER

Justice James C. Nelson dissents.

¶12    I dissent from our decision.

¶13    At issue is § 40-4-253(5), MCA, which provides:

>     In addition to any other civil or criminal remedy available under law for the commission of perjury, the court may set aside the judgment, or part of the judgment, if the court discovers, within 5 years from the date of entry of judgment, that a party has committed perjury in the final declaration of disclosure.

The sole issue on appeal is whether the trial court erred in not allowing Marcia to conduct discovery concerning Lynn's non-disclosure of assets in the original dissolution proceeding.

¶14    In *Kunst v. Pass,* 1998 MT 71, ¶ 35, 288 Mont. 264, ¶ 35, 957 P.2d 1, ¶ 35, we set out the general rule regarding notice pleading:

> [I]t is well settled that Montana's rules of civil procedure, including Rule 8(a), M.R.Civ.P., are notice pleading statutes. *Mysse v. Martens* (1996), 279 Mont. 253, 266, 926 P.2d 765, 773; *Butte Country Club v. Metropolitan Sanitary & Storm Sewer Dist.* (1974), 164 Mont. 74, 77, 519 P.2d 408, 409. Pursuant to Rule 8(a), M.R.Civ.P., a complaint must put a defendant on notice of the facts the plaintiff intends to prove; the facts must disclose the elements necessary to make the claim; and the complaint must demand judgment for the relief the plaintiff seeks. *Mysse*, 279 Mont. at 266, 926 P.2d at 773; Rule 8(a), M.R.Civ.P.

¶15    Marcia's Motion to Set Aside Judgment is in the nature of a complaint for relief and fulfills the foregoing requirements. It puts the defendants on notice of the facts the she intends to prove; these facts disclose the elements necessary to make the claim; and the motion demands the relief which Marcia seeks. Nothing more is required.

¶16    Obviously, if Marcia's statutory remedy under § 40-4-253(5), MCA, is to have any viability, however, she must be permitted to develop her claim through discovery as in any other civil action.

7

¶17     The trial court and now this Court have short-circuited Marcia's statutory remedy. On the one hand, she is criticized for not presenting evidence of a *prima facie* case, and on the other, she is denied the ability to gather, through discovery, the evidence necessary to do so. I would give her that opportunity; I would allow Marcia to engage in discovery.

¶18     I dissent.

/S/ JAMES C. NELSON